UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILSONIA W. HAYGOOD,

    Plaintiff,

v.                                                            Case No. 6:16-cv-2105-Orl-37GJK

ORANGE COUNTY PUBLIC
SCHOOLS; FLORIDA DEPARTMENT
OF EDUCATION PRACTICES
COMMISSION; and FLORIDA
EDUCATION ASSOCIATION,

    Defendants.

## ORDER

On December 8, 2016, *pro se* Plaintiff Wilsonia W. Haygood—a 69-year-old, black female—initiated this action against Defendants for alleged violations of: (1) The Age Discrimination in Employment Act of 1967 ("**ADEA**"): and (2) Title VII of the Civil Rights Act of 1964 ("**Title VII**"). (*See* Doc. 1.) In the Complaint, she alleges that after serving almost nine years as a middle school teacher at Bridgewater Middle School ("**School**"), she was forced to retire when false allegations surfaced concerning her failure to report "child-on-child abuse" in the classroom ("**Abuse Allegations**"). (*See id.* ¶¶ 7, 8.) Plaintiff claims that the Abuse Allegations were promulgated by Defendants and arose in October of 2011, which was just a month after she filed a grievance with the School. (*See id.*) According to Plaintiff, the Abuse Allegations are merely a pretext, as she believes she was forced in to retirement due to her age and race. (*Id.* ¶ 12.)

On March 14, 2017, Defendant Florida Education Association ("**FEA**") moved for dismissal on the ground that the Complaint fails to state a cause of action.[1] (Doc. 15 ("**MTD**").) Plaintiff responded (Doc. 16), and the matter is ripe for the Court's consideration.

## I. LEGAL STANDARDS

### A. General Pleading Requirements

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows [a] court to draw the reasonable inference that [the] defendant is liable for the misconduct alleged." *Id.* at 678; *see also Bailey v. Wheeler*, 843 F.3d 473, 480 (11th Cir. 2016). Under Federal Rule of Civil Procedure 12(b)(6), a party may request dismissal of a pleading that falls short of these pleadings requirements. Dismissal is warranted if, assuming the truth of the factual allegations in the plaintiff's favor, there is a dispositive legal issue which precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

---

[1] Despite each Defendant being served with a summons (Docs. 6, 7, 8), FEA is the only Defendant that has appeared in this action thus far. (*See* Doc. 13.)

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, a court may not "serve as de facto counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action." *GJR Inv., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S at 662 (2009); *see also Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) (per curiam) (noting that "*pro se* complaints also must comply with the procedural rules that govern pleadings").

### B. Shotgun Pleadings

Shotgun pleadings come in a variety of forms. *See, e.g.*, *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015) (describing four categories of shotgun pleadings). But "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Such pleadings impose on the Court the onerous task of sifting out irrelevancies to determine which facts are relevant to which causes of action. *See id.* at 1323. Described as "altogether unacceptable," by the U.S. Court of Appeals for the Eleventh Circuit, when a shotgun pleading is filed in this Court, repleader is required. *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997); *see also Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125–28 (11th Cir. 2014). If the Court does not require repleader, then "all is lost." *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998).

## II. ANALYSIS

As an initial matter, the Court finds that the Complaint is a shotgun pleading, as it asserts Title VII and ADEA claims against Defendants collectively, without specifying which Defendant is responsible for which acts or omissions, or which Defendant a particular claim is brought against. (*See* Doc. 1, ¶¶ 7–12; *see also Weiland.* 792 F.3d at 1323; *see also, e.g.*, *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (describing a complaint that sets forth allegations against "defendants" without making any distinctions among them).) This is impermissible, hence the Complaint must be dismissed. If Plaintiff chooses to replead, the amended complaint must clearly specify which Defendants are responsible for which acts and which Defendants the claims are brought against.

In its MTD, FEA also points out other pleading deficiencies. First, Plaintiff fails to plead facts establishing that FEA—or any Defendant—is an "employer" under Title VII or the ADEA. (Doc. 15, p. 3.) Under Title VII, an employer is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year." *See* 42 U.S.C. § 2000e(b). Similarly, the ADEA defines an employer as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year."[2] 29 U.S.C. § 630(b); *see also Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256,

---

[2] The term "person" under both Title VII and the ADEA includes governmental agencies and associations. *See* 42 U.S.C. 2000e(a); 29 U.S.C. § 630(a).

1264 (11th Cir. 1997) (noting that the only appreciable difference between the definitions of "employer" under Title VII and the ADEA is the number of employees required). Because this employee-numerosity requirement is a necessary element to Plaintiff's claims under Title VII and the ADEA, *see Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006), without it her claims fail as a matter of law.

Finally, FEA's MTD argues that Plaintiff has failed to establish that she is an "employee" of FEA under Title VII or the ADEA. *See* 42 U.S.C. § 2000e(f); 29 U.S.C. § 630(f).[3] (Doc. 15, pp. 2–3.) The Court agrees. Thus, such a ground is also a sufficient basis for dismissal.

Before submitting an amended pleading, Plaintiff is encouraged to consult the resources available to *pro se* litigants on the Court's website.[4] Plaintiff should also take advantage of the in-person legal information program, which is provided free of charge and administered every Tuesday from 11:00 a.m. to 12:30 p.m. at the George C. Young U.S. Courthouse, 401 W. Central Blvd. Orlando, Florida 32801.[5] Contact information is located on the Court's website, http://www.flmd.uscourts.gov.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Florida Education Association's Dispositive Motion to Dismiss

---

[3] While Plaintiff alleges that she was formerly employed by "Respondent" (*see* Doc. 1, ¶ 7), it is unclear to which Defendant Plaintiff ascribes such a label.
[4] https://www.flmd.uscourts.gov/pro_se/default.htm;
[5] https://www.flmd.uscourts.gov/pro_se/docs/Brochure_Orlando_Division.pdf

Complaint and Incorporated Memorandum (Doc. 15) is **GRANTED**.

2. The Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

3. On or before Wednesday, **May 17, 2017**, Plaintiff may file an amended complaint that remedies the deficiencies identified in this Order. Failure to timely file will result in closure of this case without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 28, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record