UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILSONIA W. HAYGOOD,

    Plaintiff,

v.                                             Case No. 6:16-cv-2105-Orl-37GJK

ORANGE COUNTY PUBLIC
SCHOOLS; FLORIDA DEPARTMENT
OF EDUCATION PRACTICES
COMMISSION; and FLORIDA
EDUCATION ASSOCIATION,

    Defendants.
_____

## ORDER

Before the Court is Defendant Florida Education Association's ("**FEA**") motion to dismiss Plaintiff's amended complaint (Doc. 18). For the reason set forth below, the motion is due to be granted.

### I.    PROCEDURAL HISTORY

On December 8, 2016, *pro se* Plaintiff Wilsonia W. Haygood—a 69-year-old, black female—initiated this action against Defendants for alleged violations of: (1) the Age Discrimination in Employment Act of 1967 ("**ADEA**"); and (2) Title VII of the Civil Rights Act of 1964 ("**Title VII**"). (*See* Doc. 1 ("**Initial Complaint**").) Upon motion (Doc. 15), the Court dismissed the Initial Complaint, finding that: (1) it was a shotgun pleading; and (2) Plaintiff had failed to properly allege an employment relationship under either the ADEA or Title VII. (Doc. 17 ("**Dismissal Order**").) In the Dismissal Order, the Court

permitted Plaintiff to file an amended complaint, cautioning her that such pleading must remedy the deficiencies identified therein. (*Id.* at 6.)

Plaintiff amended her complaint on May 17, 2017. (Doc. 18 ("**Amended Complaint**").) In it, Plaintiff alleges that she was employed by Orange County Public Schools ("**OCPS**") as a teacher at Bridgewater Middle School ("**School**") from July of 2003 until February of 2012. (Doc. 18, ¶¶ 1, 2.) The remaining allegations paint a picture of rising tension between Plaintiff and School administrators. (*See id.* ¶¶ 1, 3, 4, 7, 9.) Notably, Plaintiff claims that: (1) she filed a grievance with the School, which led to Defendants promulgating false allegations concerning Plaintiff's failure to report "child-on-child abuse" in the classroom ("**Abuse Allegations**") (*id.* ¶ 7); and (2) the Abuse Allegations are merely a pretext, as she believes the School forced her into retirement due to her age and race in violation of the ADEA and Title VII (*id.* ¶¶ 12–14).

At present, FEA moves for dismissal with prejudice. (Doc. 19 ("**MTD**")). Plaintiff responded (Doc. 36), and the matter is ripe for the Court's consideration.

## II. LEGAL STANDARDS

### A. General Pleading Requirements

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief

-2-

that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows [a] court to draw the reasonable inference that [the] defendant is liable for the misconduct alleged." *Id.* at 678; *see also Bailey v. Wheeler*, 843 F.3d 473, 480 (11th Cir. 2016). Under Federal Rule of Civil Procedure 12(b)(6), a party may request dismissal of a pleading that falls short of these pleadings requirements. Dismissal is warranted if, assuming the truth of the factual allegations in the plaintiff's favor, there is a dispositive legal issue which precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, a court may not "serve as de facto counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action." *GJR Inv., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S at 662 (2009); *see also Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) (per curiam) (noting that "*pro se* complaints also must comply with the procedural rules that govern pleadings").

B.   **Shotgun Pleadings**

Shotgun pleadings come in a variety of forms. *See, e.g.*, *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015) (describing four categories of shotgun pleadings). But "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*

at 1323.

Such pleadings impose on the Court the onerous task of sifting out irrelevancies to determine which facts are relevant to which causes of action. *See id.* at 1323. Described as "altogether unacceptable," by the U.S. Court of Appeals for the Eleventh Circuit, when a shotgun pleading is filed in this Court, repleader is required. *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997); *see also Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125–28 (11th Cir. 2014). If the Court does not require repleader, then "all is lost." *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998).

### III.   ANALYSIS

In its MTD, FEA asserts that the Amended Complaint is a shotgun pleading and fails to allege that FEA was Plaintiff's employer under Title VII or the ADEA. (Doc. 19, pp. 1, 3.) The Court agrees.

The Amended Complaint, like its predecessor, asserts Title VII and ADEA claims against Defendants collectively, without specifying which Defendant is responsible for which acts or omissions, or which Defendant each claim is brought against. (*See* Doc. 1, ¶¶ 7–12; *see also Weiland.* 792 F.3d at 1323; *see also, e.g.*, *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (describing a complaint that sets forth allegations against "defendants" without making any distinctions among them).) This is impermissible; hence, the Amended Complaint must be dismissed. If Plaintiff chooses to replead, the second amended complaint must clearly delineate which Defendants are responsible for each act and which Defendants the claims are brought against.

In addition, Plaintiff has yet again failed to plead several essential elements of her

claims. For instance, the Amended Complaint does not allege facts demonstrating that FEA—or any Defendant—satisfies the definition of an "employer" under Title VII or the ADEA, which requires pleading the requisite number of employees for each defendant. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006); *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1264 (11th Cir. 1997); *see also* 42 U.S.C. § 2000e(b); 29 U.S.C. § 630(b). Instead, the sparse allegations directed at FEA reveal only that: (1) Plaintiff had union representation through FEA; and (2) as a result of FEA's actions, Plaintiff suffered damage to her career.[1] (*Id.* ¶¶ 8, 11.) Such allegations fall short of establishing that FEA is an employer under either the ADEA or Title VII. Despite the Court's previous guidance concerning the pleading of ADEA and Title VII claims (*see* Doc. 17), the Amended Complaint evidences Plaintiff's failure, or unwillingness, to draft a pleading in compliance with Court orders or established legal authority.

Nevertheless, in light of Plaintiff's *pro se* status, the Court will permit her to amend her complaint. But Plaintiff is forewarned that the continued failure to plead the basic requirements of her intended causes of action—and remedy the deficiencies outlined in the Court's Orders—will result in dismissal of this action with prejudice. Before submitting a second amended pleading, Plaintiff is again encouraged to consult the resources available to *pro se* litigants on the Court's website[2] and take advantage of the in-person legal information program, which is provided free of charge every Tuesday

---

[1] Plaintiff appends to the Amended Complaint a composite exhibit, which contains email correspondence and handwritten notes (Doc. 18-1 ("**Exhibit**")); however, nothing in the Exhibit rectifies the deficiencies in the Amended Complaint.

[2] https://www.flmd.uscourts.gov/pro_se/default.htm

from 11:00 a.m. to 12:30 p.m. at the Orlando Federal Courthouse.³

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Florida Education Association's Dispositive Motion to Dismiss Amended Complaint With Prejudice and Incorporated Memorandum (Doc. 19) is **GRANTED IN PART**, as identified in this Order.

2. The Amended Complaint (Doc. 18) is **DISMISSED WITHOUT PREJUDICE**.

3. On or before Wednesday, **July 19, 2017**, Plaintiff may file a second amended complaint that remedies the deficiencies identified in this Order. Failure to timely file will result in closure of this case without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 3, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record

---

³ Additional information about the program is available in the following electronic brochure:
https://www.flmd.uscourts.gov/pro_se/docs/Brochure_Orlando_Division.pdf