UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILSONIA W. HAYGOOD,

    Plaintiff,

v.                                                              Case No. 6:16-cv-2105-Orl-37GJK

ORANGE COUNTY PUBLIC
SCHOOLS; FLORIDA DEPARTMENT
OF EDUCATION PRACTICES
COMMISSION; and FLORIDA
EDUCATION ASSOCIATION,

    Defendants.
_____

## ORDER

In this employment discrimination case, Plaintiff sues three Defendants. (*See* Doc. 1.) To date, only Defendant Florida Education Association ("**FEA**") has appeared, and now moves for dismissal of Plaintiff's second amended complaint ("**SAC**"). (Doc. 40.) Twice before, Plaintiff has attempted to file a sufficient pleading asserting claims against Defendants for violations of the Age Discrimination in Employment Act of 1967 ("**ADEA**") and Title VII of the Civil Rights Act of 1964 ("**Title VII**"). (*See* Docs. 1, 18). And twice before, FEA has successfully moved (*see* Docs. 15, 19) for dismissal of the claims asserted against it (*see* Docs. 17, 38).

Upon review, the SAC fares no better; hence the MTD is due to be granted, and this action is due to be dismissed with prejudice as to FEA. Additionally, based on the pleading deficiencies and insufficient service of process, the SAC is due to be dismissed

-1-

without prejudice as to the two remaining Defendants—Orange County Public Schools ("**OCPS**") and Florida Department of Education Practices Commission ("**Commission**").

## I. PLEADING STANDARDS

Rules 8 and 10 of the Federal Rules of Civil Procedure set forth minimum requirements for complaints filed in this Court. At a minimum, such filings must: (1) include "short and plain" statements of the pleader's claims set forth in "numbered paragraphs each limited as far as practicable to a single set of circumstances"; and (2) provide more than mere labels, legal conclusions, or formulaic recitation of the elements of a claim. *See* Fed. R. Civ. P. 8(a), 8(d), 10(b); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Local Rules 1.05, 1.06. Shotgun pleadings result when a plaintiff "fails to follow Rules 8 and 10." *See Hickman v. Hickman*, 563 F. App'x 742, 744 (11th Cir. 2014); *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) ("Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'"); *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (noting that a "shotgun" pleading "is in no sense the 'short and plain statement of the claim' required by Rule 8" and it "completely disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts").

Shotgun pleadings come in a variety of forms. *See, e.g.*, *Weiland*, 792 F.3d at 1321 (describing four categories of shotgun pleadings). But "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Such pleadings impose on the Court the onerous task of sifting out irrelevancies to determine which facts are relevant to which causes of action. *See id*. Described as "altogether unacceptable," by the U.S. Court of Appeals for the Eleventh Circuit, when a shotgun pleading is filed in this Court, repleader is required. *Cramer v. Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997); *see also Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125–28 (11th Cir. 2014). If the Court does not require repleader, then "all is lost." *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998).

Although *pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a court may not "serve as de facto counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action," *GJR Inv., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S 662 (2009); *see also Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (citing *Brooks v. Britton*, 669 F.2d 665, 666–67 (11th Cir. 1982)).

## II.  DISCUSSION

On December 8, 2016, *pro se* Plaintiff Wilsonia W. Haygood filed her initial complaint. (*See* Doc. 1 ("**Initial Complaint**").) Thereafter, FEA filed its first motion to dismiss the claims against it. (Doc. 15 ("**First MTD**").) The Court granted the First MTD on grounds that the Initial Complaint: (1) was a shotgun pleading; and (2) failed to allege an employment relationship under either the ADEA or Title VII as to FEA. (Doc. 17.) In its Order granting the First MTD, the Court pointed out that any amended pleading must clearly specify which Defendants are responsible for which acts and which Defendants

the claims are brought against. (*Id.* at 4.) The Court also encouraged Plaintiff to take advantage of the free in-person clinic provided to *pro se* litigants. (*Id.* at 5.)

With the Court's permission (*Id.* at 6), Plaintiff filed an amended complaint (Doc. 18 ("**Amended Complaint**")), but she ignored the Court's admonishments, so FEA moved to dismiss the Amended Complaint (Doc. 19 ("**Second MTD**")). Because Plaintiff did not rectify the shotgun pleading approach and she did not sufficiently allege an employment relationship as to FEA, the Court granted the Second MTD. (Doc. 38.) The Court's Order advised Plaintiff that her continued failure to plead basic requirements of her claims would result in dismissal of this action with prejudice, and again encouraged her to consult the resources available to *pro se* litigants. (*Id.* at 5.)

Now on her third attempt, Plaintiff alleges the same claims against the same Defendants. (*Compare* Doc. 39 *with* Docs. 1, 18.) Specifically, Plaintiff alleges in the SAC that she is a 69-year-old, black female who was employed by OCPS as a teacher at Bridgewater Middle School ("**School**") from July of 2003 until February of 2012. (Doc. 39, ¶¶ 14, 15.) The balance of her allegations describe a dispute between Plaintiff and the School's administrators. (*See id.* ¶¶ 16–21.) Plaintiff claims that: (1) she filed a grievance with the School, after which Defendants promulgated false allegations concerning Plaintiff's failure to report "child-on-child abuse" in the classroom ("**Abuse Allegations**") (*see id.* ¶ 26); and (2) the Abuse Allegations are merely a pretext, as she believes the School forced her into retirement due to her age and race in violation of the ADEA and Title VII (*see id.* ¶ 16). Despite the passing references to FEA and the Commission, Plaintiff provides no factual allegations concerning their involvement in the

-4-

Abuse Allegations.

For the third time, FEA moves for dismissal, arguing that the SAC, like its predecessors, it is a shotgun pleading and fails to properly allege Title VII and ADEA claims against it. (Doc. 40 ("**Third MTD**").) Plaintiff responded (Doc. 41 ("**Response**")), and the matter is now ripe for the Court's consideration.

**A.    FEA**

Upon review of the SAC, the Court agrees with FEA. Although more detailed than its predecessors, the SAC continues to assert claims against Defendants collectively, without specifying which Defendant is responsible for which acts or omissions, or which Defendant each claim is brought against. (*See* Doc. 39, ¶¶ 14–38); *see also Weiland*, 792 F.3d at 1323; *Magluta*, 256 F.3d at 1284. Plaintiff has again failed to rectify this deficiency, despite the Court's instructions detailing how to do so on multiple occasions.

Additionally, the SAC still fails to plead several essential elements of Plaintiff's claim against FEA. For instance, the SAC does not allege facts demonstrating that FEA satisfies the definition of an "employer" under Title VII or the ADEA, which both require pleading the requisite number of employees for *each* defendant. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006); *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1264 (11th Cir. 1997); *see also* 42 U.S.C. § 2000e(b); 29 U.S.C. § 630(b). Instead, the allegations directed at FEA are that: (1) Plaintiff had union representation through FEA; and (2) as a result of FEA's "negligence," Plaintiff suffered discrimination and damage to

-5-

her career.[1] (Doc. 39, ¶¶ 22, 24, 30, 34, 35.) Such allegations fall short of establishing that FEA is an employer under either the ADEA or Title VII.[2] Despite the additional opportunities to fix this issue, (*see* Docs. 17, 38), the SAC fails to properly allege discrimination claims against FEA.

While the Court is cognizant that Plaintiff is representing herself, there is a limit to its reasonable accommodation of her *pro se* status. On more than one occasion, the Court provided Plaintiff with specific instructions on how to comply with basic pleading requirements and encouraged Plaintiff to seek assistance available to litigants proceeding without counsel. (*See* Doc. 17, p. 5; Doc. 38, p. 5) Despite these efforts, Plaintiff filed an insufficient pleading yet again.

In light of Plaintiff's repeated failure to cure the defects noted in the Court's previous Orders and because she cannot make out a federal cause of action against FEA, the Court finds that the SAC is due to be dismissed with prejudice as to FEA. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Ferentinos v. Kissimmee Util. Auth.*, 604 F. App'x 808, 810 (11th Cir. 2015)[3] (affirming district court's dismissal with prejudice where plaintiff "repeatedly ignored" the court's orders and failed to correct a shotgun pleading on

---

[1] Plaintiff appends to the SAC a composite exhibit, which contains email correspondence, letters from the Florida Department of Education, and Dismissal and Notice of Rights from the U.S. Equal Employment Opportunity Commission (Doc. 39-1 ("**Exhibit**")); however, nothing in the Exhibit cures the deficiencies in the SAC.

[2] Even Plaintiff's response to the Third MTD confirms that Plaintiff is not asserting a federal cause of action against FEA. (*See* Doc. 41.)

[3] While unpublished opinions are not binding precedent, they may be considered as persuasive authority. *See* 11th Cir. R. 36-2; *see also United States v. Almedina*, 686 F.3d 1312, 1316 n.1 (11th Cir. 2012).

successive amendments); *see also Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (noting that a district court is not required to permit amendment if the plaintiff has repeatedly failed to cure the deficiencies by amendments previously allowed).[4]

**B.     OCPS and the Commission**

As to the remaining Defendants, the Court notes that OCPS and the Commission have yet to appear; however, it appears that Plaintiff has yet to perfect service of process on them. Such failure, in addition to the pleading deficiencies described above that apply equally to OCPS and the Commission, warrants dismissal of the SAC without prejudice as to OCPS and the Commission.

After filing the Initial Complaint, Plaintiff filed a motion requesting permission to serve the Initial Complaint and summonses on Defendants' counsel by certified mail on February 21, 2017. (Doc. 9 ("**Motion to Serve**").) Before the Court could rule on the Motion to Serve, Plaintiff perfected service of process on Defendants by certified mail on February 24, 2017. (*See* Docs. 42, 43, 44, 45, 46, 47.) Four days later, on referral, U.S. Magistrate Judge Gregory J. Kelly denied the Motion to Serve concluding that, absent

---

[4] *See also, e.g., Luft v. Citigroup Glob. Mkts. Realty Corp.*, No. 2:11-cv-703-FtM-29CM, 2014 WL 820608, at *2 (M.D. Fla. Mar. 3, 2014), *aff'd* 620 F. App'x 702 (11th Cir. 2015) (dismissing a plaintiff's second amended complaint because it was a "shotgun" pleading and the court had "on more than one occasion outlined plaintiff's responsibility to comply with the Federal Rules and provided her with specific instructions on how to comply with such rules"); *see also Friedlander v. Nims*, 755 F.2d 810, 811–12, 813–14 (11th Cir. 1985) (concluding that dismissal with prejudice was appropriate given the district court's "specific and repeated warnings," that the complaint required amendment); *Cowan v. Gaffney*, No. 2:07-cv-184-FtM-29SPC, 2010 WL 148729, at *3 (M.D. Fla. Jan. 12, 2010) (dismissing a complaint with prejudice where plaintiffs had six chances to amend their complaint "and yet plaintiffs . . . failed to state a coherent, plausible claim on which relief may be granted").

a waiver of service, neither the Federal Rules of Civil Procedure nor Florida law permitted service by certified mail on Defendants. (Doc. 12 ("**Denial Order**").) And Plaintiff failed to provide a waiver of service for any Defendant. (*See id.* at 12.) On September 7, 2017, the Clerk issued new summonses for all Defendants. (*See* Docs. 48, 49, 50.)

Generally, a plaintiff must serve a summons and a copy of the complaint within 90 days of filing a complaint. Fed. R. Civ. P. 4(m), (c). If a defendant is not served within the time allotted, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If a plaintiff demonstrates good cause for her failure to comply, a court must extend the time for service. *Id.* Where a plaintiff files an amended complaint, the Eleventh Circuit has held that the ninety-day time period provided for in Rule 4(m) does not begin anew, unless the amended pleading adds a new defendant not previously named in the original complaint. *See Lindley v. City of Birmingham, Ala.*, 452 F. App'x 878, 880 (11th Cir. 2011) (citing *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006)).

Plaintiff filed the Initial Complaint on December 8, 2016. (Doc. 1.) The SAC alleges the same ADEA and Title VII claims against the same three Defendants. (*Compare* Doc. 39 *with* Docs. 1, 18.) Thus, Plaintiff's deadline to serve Defendants was **March 8, 2017**. *See* Fed. R. Civ. P. 4(m). To date, the record does not reflect that Plaintiff has properly perfected service on OCPS and the Commission. Indeed, Plaintiff recently sought the issuance of new summonses. (*See* Docs. 48, 49, 50.) In light of Plaintiff's *pro se* status, the

Court will permit Plaintiff additional time to serve OCPS and the Commission. The rules for doing so are set forth in the Magistrate Judge Kelly's Denial Order (*see* Doc. 12) and Rule 4.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Florida Education Association's Dispositive Motion to Dismiss Second Amended Complaint With Prejudice and Incorporated Memorandum (Doc. 40) is **GRANTED**.

2. The Second Amended Complaint (Doc. 39) is **DISMISSED WITH PREJUDICE** as to Defendant Florida Education Association.

3. The Clerk is **DIRECTED** to **TERMINATE** Florida Education Association as a party.

4. As to Defendants Orange County Public Schools and Florida Department of Education Practices Commission, the Second Amended Compliant (Doc. 39) is **DISMISSED WITHOUT PREJUDICE**.

5. On or before Monday, **October 2, 2017**, Plaintiff may file a third amended complaint as to Defendants Orange County Public Schools and Florida Department of Education Practices Commission. If Plaintiff chooses to replead, she must rectify the deficiencies identified in this Order. Failure to timely respond may result in dismissal of this action with prejudice.

6. **Thirty days** from the date Plaintiff files her third amended complaint, Plaintiff is **DIRECTED** to file proofs of service as to Defendants Orange

County Public Schools and Florida Department of Education Practices Commission.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 25, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
*Pro se* party
Counsel of Record